AIELLO v. CRAMPTON.

In re ALEXANDER MERCANTILE CO.'S ESTATE.

(Circuit Court of Appeals, Eighth Circuit. November 6, 1912.)

No. 3,774.

**1. CORPORATIONS (§ 1*)—SEPARATE ENTITY.**

A corporation is an entity distinct and separate from its stockholders, though all of its stock is owned by a single individual.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1, 3-6; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 2, pp. 1608–1621; vol. 8, pp. 7619, 7620.]

**2. BANKRUPTCY (§ 165*)—PREFERENCES.**

Where a bankrupt, being indebted to a corporation, executed a note to it for such indebtedness, which note the corporation transferred to claimant, who, while the owner of most of the corporation's stock, was also a private banker, the fact that the corporation thereafter received certain notes of a third person from the bankrupt in part payment of its claim, which were not transferred to the claimant, was not sufficient to establish that claimant had received a preference from the bankrupt, under the rule that unless a creditor receives a portion of the bankrupt's property there is no preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 266; Dec. Dig. § 165.*]

On Transfer from the Supreme Court of the State of New Mexico.

Claim of John Aiello against E. C. Crampton, as trustee of the bankrupt estate of the Alexander Mercantile Company. From an order of the District Court reversing a referee's order allowing the claim, and directing that the same be disallowed, claimant appealed to the Supreme Court of the Territory of New Mexico, by which the same was transferred to the Circuit Court of Appeals. Reversed, with directions to affirm the order of the referee.

Jesse G. Northcutt, of Trinidad, Colo. (A. W. McHendrie, of Trinidad, Colo., on the brief), for appellant.

H. L. Bickley, J. Leahy, and L. S. Wilson, all of Raton, N. M., for appellee.

Before SANBORN and CARLAND, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. The Alexander Mercantile Company, of Raton, N. M., was a corporation engaged in the mercantile business, and on the 22d day of July, 1910, certain of its creditors filed a petition in the district court for the Fourth judicial district of the territory of New Mexico, asking that said Alexander Mercantile Company be adjudged a bankrupt. Such proceedings were had therein that on September 27, 1910, said company was adjudged a bankrupt. The case was duly referred to a referee, and various creditors filed their claims for allowance against the bankrupt estate, among them being appellant, John Aiello, whose claim was based upon a note

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the sum of $5,000, executed March 27, 1910, by said Alexander Mercantile Company to the Southern Colorado Mercantile Company, a corporation of Trinidad, Colo.; said note having been transferred by assignment to appellant, John Aiello. Objections were filed to the allowance of the claim, and after hearing had the claim was, on November 5, 1910, allowed by the referee. From the order of the referee allowing the claim, the trustee duly filed a petition for a review thereof. On May 13, 1911, the district court of the Fourth judicial district of the territory after hearing had, reversed the order of the referee allowing the claim, and entered its order directing that the claim be disallowed. From this judgment of the district court appellant, John Aiello, appealed to the Supreme Court of the territory of New Mexico. As the case was pending in the Supreme Court of the territory upon its admission as a state, the Supreme Court, pursuant to the provisions of the enabling act, transferred the cause to this court.

From the facts it appears that the Alexander Mercantile Company, being indebted to the Southern Colorado Mercantile Company, gave its note to the Southern Colorado Mercantile Company some time in the latter part of the year 1909, for the sum of $5,000, which note was renewed on March 27, 1910; said renewal note being the one sought to be proved by John Aiello as a claim against the bankrupt estate. It also appears from the evidence that some time during April, 1910, the Alexander Mercantile Company being insolvent, sold to one Guy M. Alexander a portion of its stock of merchandise for the sum of $2,500, in consideration of which Guy M. Alexander and his father executed notes aggregating the sum of $2,500, secured by a second mortgage upon a piece of real property, said notes being dated April 26, 1910, and the same were given to, and received by, the Southern Colorado Mercantile Company, and that amount credited upon the account which the Alexander Mercantile Company owed to it. Appellant, John Aiello, was, at the time of the transaction referred to, president and manager of the Southern Colorado Mercantile Company, owned most of the stock of the company, and personally conducted the transaction on behalf of that company. He was also engaged in the banking business at Trinidad, having a private bank owned solely by himself.

The entire contention in this case is based upon the proposition that the transfer of the notes of $2,500, given by Guy M. Alexander and his father, in payment of the merchandise which Guy M. Alexander purchased in April, 1910, from the Alexander Mercantile Company, the bankrupt, to the Southern Colorado Mercantile Company as a payment upon the indebtedness of the bankrupt to the Southern Colorado Mercantile Company, constituted, under the circumstances and knowledge which the parties possessed, a preference under the bankrupt law; that as John Aiello was the president and manager of the Southern Colorado Mercantile Company, and owned most of the stock, a preference given to it was in fact and in law a preference given to John Aiello; and that John Aiello, while retaining the benefit of such preference, was not entitled to prove up his claim based on the $5,000 note.

[1, 2] Notwithstanding Aiello owned most of the stock of the Southern Colorado Mercantile Company, the company was an entity, distinct and separate from himself as an individual. Watson v. Bonfils, 116 Fed. 157, 53 C. C. A. 535. So that the fact that the Southern Colorado Mercantile Company received the notes of Guy M. Alexander for $2,500 in payment upon its claim was in no respect the receiving of a preference by John Aiello; for, before he can be charged with having received a preference, he must, in his capacity as a creditor, have received some portion of the property or assets of the bankrupt. As stated in Mason v. Nat. Herkimer County Bank, 172 Fed. 529, 97 C. C. A. 155:

"The one thing absolutely essential to a preference is that the bankrupt transfers some portion of his property to the creditor. If the creditor received none of the bankrupt's property, there is no preference."

See, also, Catchings v. Chatham Nat. Bk., 180 Fed. 103, 103 C. C. A. 601.

It is not shown that the transfer of the $5,000 note to John Aiello (in his business capacity as banker) was with a view to defeat the provisions of the bankrupt law. On the contrary, we think it appears that he was a good faith owner of that note.

The evidence failing to show that John Aiello received any of the property of the bankrupt within four months preceding the filing of the petition in bankruptcy, the judgment of the district court of the territory of New Mexico is reversed, and the case is remanded to the United States District Court for the District of New Mexico, with directions to affirm the order of the referee allowing appellant's claim.

SANBORN, Circuit Judge. I concur in the result in this case because, in my judgment, the record fails to prove that John Aiello or the Southern Colorado Mercantile Company had reasonable cause to believe, when they received the note and mortgage, that it was intended by the sale of the goods, the taking of the note and mortgage and its transfer by the Alexander Mercantile Company in payment of its debt to the Southern Company, to give a preference to the Southern Company or to Aiello over other creditors or persons similarly situated.