**PLANTERS' OIL COMPANY, Inc., et al. v. HOPKINS, Collector.**

**No. 4121.**

District Court, N. D. Texas, Dallas Division.

March 2, 1931.

J. L. Gammon, of Waxahachie, Tex., and Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, Tex., for plaintiff.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., Wright Matthews, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for defendant.

ATWELL, District Judge.

The five plaintiffs are associations in which Homer Chapman owned and owns over 95 per cent. of the stock. Section 993, 26 USCA, affiliated corporations. Two of the five, the original Waxahachie and Ennis companies, were affiliated in 1924, and, out of their assets, were created three new companies, two of which bear the same names as the old companies, and the third of which is known as the Farmers' Gins, Incorporated. Chapman, was, therefore, in reality the taxpayer. It is true the artificial persons were named as the respective units and the tax was figured for each of those units, but the result of the year's work was a benefit or a loss to Chapman, and the tax was, in reality, paid by him, because he owned the companies.

The trend of judicial pronouncement, as well as the trend of legislation, is that the taxpayer shall pay on income, and only upon income. Affiliation of artificial persons works no exception. Under the present statute affiliation is uninforced, until once enjoyed. The cycle idea in business is a recognition of the fact that one year may be helpful and another year hurtful—one year may be adverse and another prosperous—and supports the suggestion that, after all, the taxpayer's fortune was in the mind of the congress, even as was the thought that the government

should have its exact due, without being cheated out of the same by the juggling of earnings and losses, or, by bookkeeping credits and charges of corporations controlled by the same interests.

Affiliation may, therefore, be for the interest of both taxpayer and gatherer, even though some of the cases indicate its use for the benefit of the gatherer only. In re Temtor Corn & Fruit Products Co. (D. C.) 299 F. 326; Schlafly v. U. S. (C. C. A.) 4 F.(2d) 195; Appeal of Gould Coupler Co., 5 B. T. A. 499.

The original Waxahachie and Ennis concerns show a consolidated net loss of $206,-031.03 for the fiscal year ending June 30, 1924. On August 18, 1924, two of the new concerns were incorporated, and on September 6, 1924, the third was born. Assets of the old associations were the consideration for stock in the three new ones, and for the taxable year ending June 30, 1925, the five organizations made a consolidated return. This showed a net income for that year of $69,237, made up of $147,636.25, net income by the three new members, and a net loss of $78,399.-25, by the two old ones. If the 1924 losses of the two originals had been utilized, this net income would have been wholly destroyed, and there would have been no tax. Upon payment of the tax, claim for refund was refused, and this suit followed.

The plaintiffs contend that the loss suffered by the two original affiliated associations for the year 1924 may be used for the benefit of the 1925 computation.

The question is troublesome. The use that may be made of a loss is not clear. Struthers-Ziegler Cooperage Co. v. Commissioner, 18 B. T. A. 537; Ben Ginsburg Co. v. Commissioner, 19 B. T. A. 81; Alabama By-Products Corp. v. Commissioner, 18 B. T. A. 919; Brighton Corp. v. Commissioner, 16 B. T. A. 945; National Slag Co. v. Commissioner, 16 B. T. A. 1310; Buckie Printers' Ink v. Commissioner, 19 B. T. A. 943. Then, too, there is the Sweets Case (C. C. A.) 40 F.(2d) 436, and Swift & Co. v. U. S. (Ct. Cl.) 38 F.(2d) 365. The latter case dealt with a statute somewhat different from section 206(b), Revenue Act of 1926 (26 USCA § 937(b). The statute there was the one which authorized the Commissioner to deduct a net loss for a subsequent year from the net income of a preceding year, while the statute which regulates this case authorizes the Commissioner to deduct a preceding loss from a gain of the following year. Judge Sibley, in Woolford Realty Co. v. Rose (D. C.) 44 F.(2d) 856,

wrote about the identical question at bar and supports the defendant's contention, and the Commissioner's action in refusing the refund.

It may be said that, while, with one exception, the reasoning of the learned writers in the above mentioned cases may not be upon facts exactly on all fours with those of the cause we are considering, the drift thereof is against the position of the defendant. I am not sure that optional affiliation, until once enjoyed or compelled, has any bearing upon a correct solution, but, the exact wording of the other statute cannot be ignored. "If, for any taxable year, it appears upon the production of evidence satisfactory to the commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called 'second year') and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called 'third year') ; the deduction in all cases to be made under regulations prescribed by the commissioner with the approval of the Secretary." Section 206(b), Revenue Act 1926 (26 USCA § 937(b).

The tax of each member of an affiliated group is complete within itself. It is calculated without reference to the figures, or the results of any other. The aggregate result of such individual calculations becomes the computing unit. Without the words, "computed without such deduction," the statute would be even less clear, but, with those words we need not write anything into the statute in order to limit the prior losses to the use and benefit of the taxable unit which actually made such losses, if and when there is no excess of a net loss over a net income for the subsequent year. If the net loss sustained in 1924 is used as a deduction in computing the taxpayer's net income for 1925, nothing could be carried forward to 1926, which would be, within the statute, the third year of the completed cycle. I think the statute means that the two associations which sustained the net loss in 1924 could not have such net loss used as deductions in computing their net income for 1925, because such net income computed without such deduction resulted in losses, and the plain wording of the statute requires that such net losses be carried forward and used as deductions in computing the net income for such taxpayers for 1926. Affiliation is of no

consequence to such calculation. There must be a calcuation within the terms of the law for each individual unit before a computation for the affiliated unit can be used. A different basis allows evils sometimes against the payer and sometimes against the receiver, but this reading and construction preserves both, and affords a support for the belief that there was a due consideration for both in the mind of the congress.

The motion of the defendant for a verdict is sustained.