## BUSCH et ux. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5899.

Circuit Court of Appeals, Fifth Circuit.

June 5, 1931.

W. E. Walsh, of Miami, Fla., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and De Witt M. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and J. Louis Monarch, Sp. Asst. to Atty. Gen., for respondent.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This petition to review the decision of the Board of Tax Appeals assigns two errors:

(1) That the Board erred in denying to Clarence M. Busch the right to deduct as a bad debt in 1923 $29,000 advanced by him

in that year personally to himself as trustee, and by him as trustee used to pay taxes due by a trust estate of which he and his wife, the other petitioner, were part owners.

(2) That the fiduciary return made by him as trustee showing that the trust estate sustained net losses in its fiscal year ending March 31, 1922, of $14,353.55, of $6,002.02 in its fiscal year ending March 31, 1923, and of $93,535.69 in its fiscal year ending March 31, 1924, the Board erred in denying to each of the petitioners the right to deduct in his return for the calendar years ending respectively December 31, 1922, 1923, and 1924, the net loss of the trust estate proportional to his beneficial share therein.

■ The record as to the claimed deduction of $29,000 shows that in 1923, after Busch gave his check personally to himself as trustee, and by his check as trustee paid the taxes of the trust estate, he made claim in his 1923 return for a deduction of that amount as a bad debt ascertained in that year to be worthless. This claim was disallowed by the Commissioner. In 1924 the estate sold some bonds, and Busch, as trustee, repaid himself personally the $29,000 advanced, and, after the receipt of it, undertook to show it in income in 1924, the year in which it was recovered. The Commissioner refused to sanction this disposition of the item, treating it neither as deductible as a bad debt in 1923 nor returnable as income in 1924. The Board took the same view, and disallowed the deduction claimed.

It is perfectly plain that the action of the Commissioner and of the Board in disallowing the claim that the advance created a worthless debt should be approved. Not only is this finding supported by the evidence, but no other finding could reasonably have been made. It is now contended by petitioner that, if the disposition which he has all along contended for, that the amount should be allowed him as a bad debt, cannot be made, he should have the right to deduct at least the proportion of the $29,000 which represents the proportion of taxes chargeable to his interest in the trust.

■ It seems perfectly plain that petitioners can have no allowance on account of this sum or any part of it on the theory now advanced, that it was a payment by him of his taxes and deductible as such. Such shifting by the taxpayer from foot to foot as the exigencies of the situation seem to demand, now claiming a deduction upon one theory before the Commissioner and the Board, and upon another theory here, is of doubtful propriety,

when there is evidence in the record to support the change, unless there is a clear showing of mistake of fact. When, as here, not only the claim of the petitioner, as maintained throughout as to the facts, but the evidence itself, establishes that petitioner did not pay the taxes on his own account, but advanced them to the trust, treating the matter as a loan to the trust both at the time of the advance to it and at the time of its payment back to him, petitioner certainly cannot now claim that he did what he did not do.

■ The second point, in our opinion, presents no greater difficulty. Assuming that a trust estate is here involved, we believe that petitioners' insistence for the same treatment as would be accorded members of a partnership springs from their having given too great attention to the legal and factual resemblances between partnerships and the kind of trusts which this is, and too little to the fundamental statutory differences between the two. With petitioners' point that no trust estate was created because the trustee named was one of the beneficiaries we cannot at all agree. No principle inherent in the nature of trusts supports such a conclusion, for a trust is an entity entirely separate from its beneficiaries, Merchants' L. & T. v. Smietanka, 255 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305; nor does Willey v. W. J. Hoggson Corp., 90 Fla. 343, 106 So. 408, 411, do more than hold, as so many courts have done, that persons engaged in partnership relations and conducting a partnership business may not avoid the personal liability of partners through the device of calling themselves beneficial owners in a trust. It is equally plain, however, that the existence or nonexistence of personal liability does not determine, for the purpose of Federal taxation, the classification of the taxpayer, Burk-Waggoner Oil Ass'n v. Hopkins, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183, but that is determined by the facts of each case, Lucas v. Extension Oil Co. (C. C. A.) 47 F.(2d) 65.

■ The Board in its opinion, 17 B. T. A. 592, has set fully out the material terms of the instrument creating the trust and the circumstances under which it was executed. These will not be restated here. It is sufficient to say that, a corporation in which petitioners and others were interested, having held property, having been by its incorporators dissolved, and its assets distributed in kind to its stockholder joint owners, these joint owners deeded the property to Clarence

M. Busch as trustee, with power to manage, collect, dispose of by sale, exchange, or otherwise, all of the property as quickly as practicable, and distribute to the persons interested such moneys as might be derived from its operation. The instrument effecting this arrangement declared its purpose to be to create a trust estate. Its terms were competent to effect that purpose, and we think there is no doubt that within the meaning of the taxing statute neither a partnership nor an association, but a mere trust estate, has resulted. Blair v. Wilson Syndicate Trust (C. C. A.) 39 F.(2d) 43; Lucas v. Extension Oil Company (C. C. A.) 47 F.(2d) 65.

A trust estate not regularly carrying on the operation of any trade or business, but merely one for liquidation and distribution, and therefore one to which section 204 (c) of the Revenue Act of 1921 (42 Stat. 231), the overemphasis upon which has perhaps contributed more than any other thing to the confusion with which this essentially simple case has been invested in its approach and treatment, has no application. Refling, Executor, v. Commissioner, 17 B. T. A. 327; Refling v. Burnet (C. C. A.) 47 F.(2d) 859. Besides, petitioners are not claiming the right to carry over the net losses of one year into subsequent years as provided in the statutes; they are merely claiming the right to deduct in the calendar year, as a loss of their own, losses of the trust estate for the fiscal year.

It is true that this is the character of trust covered by subdivision 4 of section 219 (a), 42 Stat. 246, in which the income is to be distributed to the beneficiaries periodically, and as to which the fiduciary makes merely an informative return, which includes "a statement of the income of the estate or trust, which pursuant to the instrument or order governing the distribution, is distributable to each beneficiary whether or not distributed before the close of the taxable year for which the return is made." It is also true that in this character of trust, though the tax is imposed upon the net income of the estate or trust, the tax is not paid by the fiduciary, but by the beneficiary, who must include his proportional part of the net income of the trust in his return. Section 219 (a) subd. 4, and (b), Revenue Act of 1921, 42 Stat. 246.

It is also true that the regulations under which returns are made by partners do provide in article 332 that net losses by partnership operations will be "divisible by the partners in the same proportion as the net income would have been divisible," and may be shown by them as deductions.

It is further true that the regulations, article 345, as to estates and trusts, after providing how the beneficiary shall make the return, concludes: "The regulations governing partnerships are generally applicable to such an estate or trust. See articles 331–335," and, were it not for the difference in the statutory provisions as to trusts and partnerships, making the one a taxpayer, the other not, it would be difficult to avoid the conclusion that beneficiaries in such trust as this and the members of a partnership should be treated, in the matter of the return of net losses of the partnership and of the trust, in the same way. The statutes, however, forbid such treatment. Section 218 (a) of the Act having to do with partnerships provides: "Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity," while section 219 (a), as to estates and trusts, provides "that the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust," and (b) "the fiduciary shall be responsible for making the return of income for the estate or trust for which he acts" (c) "in cases * * * except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary," while (d) provides "in cases under paragraph (4) * * * the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not." The provisions under the one section declaring a partnership not taxable, and under the other a trust estate taxable, permit no other disposition of this case than that made by the Commissioner and the Board. It was plainly provided by the statutes that, for the purpose of accounting and determination of its income, a trust is a separate taxpaying entity, and it is perfectly clear that the beneficiary of a trust may not claim as his own a loss which the estate has sustained. This has been the uniform practice of the Commissioner, and the uniform holding of the Board of Tax Appeals. Stern v. Commissioner, 14 B. T. A. 444; O. Ben Haley v. Commissioner, 6 B. T. A. 782; Appeal of George M. Studebaker et al., 2 B. T. A. 1020, and we think it not only accords with the meaning and intent of the statutes, but that the statutes permit no other disposition.

Since it is our view that the losses of the

estate cannot in any case be deducted by petitioners as their own losses, it is unnecessary to consider or determine the point made against the petitioners that, if in any case such losses might be deductible, petitioners must fail here, because they are seeking to deduct in their calendar year the losses of the trust incurred in a different period, the trust's fiscal year.

The petition for review will be denied. The judgment of the Board is affirmed.