## DARBY–LYNDE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 399.

Circuit Court of Appeals, Tenth Circuit.
June 18, 1931.

Chas. P. Gotwals, of Muskogee, Okl. (John T. Gibson, Wm. A. Killey, and James D. Gibson, all of Muskogee, Okl., on the brief), for appellant.

F. Edward Mitchell, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., Sewall

Key and John H. McEvers, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and William E. Davis, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

For several years prior to January 1, 1924, Lynde and Darby, a partnership consisting of C. F. Lynde and J. F. Darby, owned and operated certain oil and gas leases. Each of the partners owned a one-half interest in the partnership. About January 1, 1924, they incorporated, under the laws of Delaware, the Darby-Lynde Company with 10,000 shares of non-par value stock, with its principal office and place of business at Tulsa, Oklahoma. On January 21, 1924, the partnership conveyed all of its assets, including such oil and gas leases to such corporation in exchange for its capital stock. Such stock was issued to the following named persons in the following amounts: C. F. Lynde 4,750 shares, Elizabeth W. Lynde 250 shares, J. F. Darby 4,999 shares, and Carl Purcell one share.

In its income tax return for 1924, the corporation added $89,481.52 to its reserve for depletion based upon discovery value of the oil and gas leases, under section 204 (c), Revenue Act 1924 (43 Stat. 260 [26 USCA § 935 note]). The Commissioner disallowed the depletion deduction based upon discovery value and determined a deficiency accordingly. The action of the Commissioner was affirmed by the Board of Tax Appeals.

A taxpayer is not entitled, as a matter of right, to make any deductions from income for depletion on account of oil extracted and sold during a taxable year. Stanton v. Baltic Mining Co., 240 U. S. 103, 36 S. Ct. 278, 60 L. Ed. 546; Burnet v. Thompson O. & G. Co., 283 U. S. 301, 51 S. Ct. 418, 75 L. Ed. 1049; United States v. Biwabik Min. Co., 247 U. S. 116, 38 S. Ct. 462, 62 L. Ed. 1017; Stratton's Independence v. Howbert, 231 U. S. 399, 34 S. Ct. 136, 58 L. Ed. 285. Authority for such deduction must be found in the applicable statutes. Burnet v. Thompson O. & G. Co., supra.

Section 204 (c), supra, in part provides:

"The basis upon which depletion, exhaustion, wear and tear and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, except that in the case of mines, oil and gas wells, discovered by the taxpayer after February 28, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the basis for depletion shall be the fair market value of the property at the date of discovery or within thirty days thereafter; but such depletion allowance based on discovery value shall not exceed 50 per centum of the net income (computed without allowance for depletion) from the property upon which the discovery was made, except that in no case shall the depletion allowance be less than it would be if computed without reference to discovery value."

The partnership and the members thereof and the corporation were essentially different entities. Marr v. United States, 268 U. S. 536, 45 S. Ct. 575, 69 L. Ed. 1079. The corporation is the taxpayer. The oil and gas wells in question were not discovered by such taxpayer but by its predecessor, the partnership, and were acquired by the taxpayer as a result of the purchase of proven leases. It follows that the basis for the allowance of depletion must be the same as is provided in section 204 (a), Revenue Act 1924, (43 Stat. 258 [26 USCA § 935 and note]), for the determination of gain or loss upon the sale or other disposition of such leases.

Section 203 (b) (4), Revenue Act 1924 (43 Stat. 256, 26 USCA § 934 (b) (4), provides that, where property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation and, immediately after the exchange, such person or persons are in control of the corporation and, in case the exchange is by two or more persons, the amount of stock or securities received by each is substantially in proportion to his interest in the property prior to the exchange, no gain or loss shall be recognized from the transaction. Section 203 (i), Revenue Act 1924 (43 Stat. 258, 26 USCA § 934 (i), provides that "control" means the ownership of at least 80% of the voting stock and of at least 80% of the total number of shares of all other classes of stock of the corporation. The transaction between the partnership and the corporation clearly

34

falls within the purview of section 203 (b) (4), supra.

Section 204 (a) (8), Revenue Act 1924 (43 Stat. 259, 26 USCA § 935 (a) (8), reads as follows:

"If the property (other than stock or securities in a corporation a party to a reorganization) was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made."

■ The sale to the corporation in the instant case took place in 1924. The 1924 act provides that no gain or loss shall be recognized to the transferor from such a transaction. Section 203 (b) (4), supra.

Therefore, the basis for computing gain or loss from the sale or other disposition of the leases, under section 204 (a) (8), is the same as it would have been were the leases in the hands of the partnership, that is, the cost of the oil and gas leases to the partnership. It follows that the basis for computing depletion is the cost of the oil and gas leases to the partnership.

We conclude that the basis of computing depletion for 1924 is neither the discovery value nor the cost of such leases to the corporation, but the cost thereof to the partnership.

The judgment is accordingly affirmed.