**WOOLFORD REALTY CO., Inc., v. ROSE,
Collector of Internal Revenue.**

No. 6101.

Circuit Court of Appeals, Fifth Circuit.

Nov. 13, 1931.

W. A. Sutherland, of Atlanta, Ga., for appellant.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., and Wright Matthews, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

In 1925 the Piedmont Savings Company sustained a statutory net loss of $43,478.25; in 1926 it sustained a further statutory net loss of $410.82; it was in those years unaffiliated. In 1927, appellant and the Piedmont Savings Company having become affiliated, a consolidated return for that year was filed. This return disclosed a combined net income for that year of $37,128.83 made up of appellant's net taxable income of $37,-582.63 and a loss of Piedmont, $453.80. The Commissioner, because Piedmont had no net income in 1927, refused to allow appellant to deduct from the combined net income the statutory net losses of Piedmont incurred in 1925 and 1926, and carried over, because of having had no net income in 1926, into the third and second year respectively. The District Judge, taking the same view, denied the claim that because of this disallowance there was an overpayment.

This appeal presents the single question whether statutory net losses, accruing to a corporation when unaffiliated, may be used by it in a subsequent year when affiliated with another, in computing, not simply its own net income, but the net income of the other member of the affiliated group. Or, putting it another way, whether the words "net income" used in section 206(b), Revenue Act 1926 (26 USCA § 937(b)) may mean "minus net income" or loss, so as to permit a statutory net loss to be availed of by the affiliated group, not merely to the extent of reducing the amount of the net income of the corporation entitled to it on which the affiliated group must pay taxes, but of producing a loss or minus quantity which the affiliated group may use as a deduction from the net income of the other member.

Respondent insists that the whole structure of the taxing system, with its emphasis upon gains and losses incurred in the taxable year by the taxpayer, "a person subject to a tax imposed by the Act," makes it plain that both losses and gains must, in order to be taken account of in a return, be the losses and gain of the persons subject to the tax, and, except in the single case of section 206 the amortization in prosperous years by the taxpayer incurring it of his statutory net loss, they must be the losses and gains of the taxable year. He declares that the purpose of the taxing statutes as to each person subject to the tax is as to each taxable year to ascertain, set down, and fix what taxable income has accrued to him in that year; that nowhere in the statutes is there any warrant for the view that losses incurred in one year and carried over by statute as net losses by one taxpayer may be purchased and dealt in, or in any manner acquired by another taxpayer, and used by him as deductions against his own net income. He contends that the taxing statutes use the term "net income" in its real, its natural sense, of a plus, not a minus, quantity, meaning "that portion of the receipts of a business which remains after making the deductions allowable by law from its gross income"; that it is just as unthinkable to say that net income means either net loss or minus net income as to say that plus and minus are the same.

Appellant on its part insists that to permit respondent's contention to prevail would be to permit a literal construction of the words "net income" in section 206(b) to defeat the clear purpose and intent of that section; that the deduction may be used as one of the factors in ascertaining whether the taxpayer made a loss or gain for the year, and how much; that the result of this literal construction would be, as to this particular deduction, to deprive an affiliated corporation entitled under section 240 (26 USCA § 993) to make a consolidated return, of the full benefit of the deductions to which each member of the group is entitled, contrary to the clear intent of section 240 and the regulations and practices under it. Appellant cites generally, in support of its position, the proposition first advanced by the Board of Tax Appeals in Alabama By-Products Corporation v. Com'r, 18 B. T. A. 919, and repeated in later decisions of the Board, that "the statutory net loss is by the plain language of the statute put in the same category as any other deduction allowed by statute in determining an operating gain or loss of one corporation in an affiliated group for the taxable year." It declares, as the Board did in Pittsburgh Gasoline Co. v. Com'r, 21 B. T. A. 302, that in determining the net income of a corporate taxpayer the deduction of the net loss of a prior year allowed by section 206 is to be treated the same as the deduction allowed by section 234 (26 USCA §

986), whether this deduction produces a net loss, or, as the Board calls it, a minus net income. Appellant cites in support of its position the opinions of the Board of Tax Appeals in Alabama By-Products Corporation v. Com'r, 18 B. T. A. 919; Ginsburg Co. v. Com'r, 19 B. T. A. 81; Buckie Printers' Ink Co. v. Com'r, 19 B. T. A. 943;\ Pittsburgh Gasoline Co. v. Com'r, 21 B. T. A. 297; General Box Corporation v. Com'r, 22 B. T. A. 725; Arrow Coal & Ice Co. v. Com'r, 22 B. T. A. 1341; Tolerton & Warfield Co. v. Com'r, 23 B. T. A. 892; Hawley Investment Co. v. Com'r, 23 B. T. A. 953; and National Slag Co. v. Com'r (C. C. A.) 47 F.(2d) 846.

On the face of it, a ruling which permits a corporation, with a consistent record of gains, to affiliate with one having a large accumulation of statutory net losses for the purpose and with the result of using these losses in the year of affiliation as deductions from its income in that year, appears generally inappropriate to the federal scheme of income taxation, designed as it is, with the sole exception of the statutory net loss provision, to make each person subject to the tax pay taxes on his income for the year in which it accrues. The District Judge was impressed with this general inappropriateness; it impresses us. The particular inappropriateness of the contention that, in using the words in section 206(b), "shall be used as a deduction in computing net income," Congress intended to emphasize, not as the object of computation the ascertainment of the net income of the taxpayer for the purpose of determining the tax he should pay, but merely the fact that a computation was to be had for the purpose of finding out whether the taxpayer made a loss or a gain, and the setting down of this figure, whether a plus or a minus one, also impresses us.

It seems to us that to give this effect to the words would be to do violence, not only to the words themselves, but to the general purpose of the section, which was to give to a taxpayer which had sustained it the purely personal right [Busch v. Com'r (C. C. A.) 50 F.(2d) 800] to amortize out of earnings in the second and third years following losses of the first year, not to give to this statutory net loss a substantive character as an asset which could be traded in through the device of affiliation, and thus, acquired by another taxpayer, used by him as a deduction against his own income.

Were it not for the fact urged upon us by appellant with such earnestness that the Board of Tax Appeals and the Circuit Court of Appeals for the Third Circuit have by construction found that the words in question do have the meaning which appellant contends for, we should take the simple view which Alice took before her encounter with the master logomachist, that words mean what they say, and not the opposite, and simply say, without more ado, that the words "net income" mean net income; they do not, they cannot, mean minus net income or loss. That, when Congress in section 206(b) declared that the statutory net loss "shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year," it used these words in their natural, their ordinary sense, to mean "that portion of the receipts of a business which remains after making the deductions allowable by law from the gross income." That they were used with the practical end of taxation in view, determining the amount which the taxpayer will contribute to the support of the government in the taxable year.

In the light, however, of the contrary view so strongly presented, it is desirable, we think, to examine the words used in the statutes relied on, both in themselves and in their context, to determine whether it is we, or the appellant, who see them through the looking-glass.

The applicable statutes and regulations on which the structure of appellant's argument rests are Revenue Act 1926:

Determination of Net Income. "In the case of a corporation subject to the tax imposed by section 981 of this title the term 'net income' means the gross income as defined in section 985 less the deductions allowed by sections 986 and 937." Section 232 (26 USCA § 984).

Section 206 (a) and (b) provides: "(a) As used in this section the term 'net loss' means the excess of the deductions allowed by section 955 or 986 of this title over the gross income, with the following exceptions and limitations. * * * (b) If, for any taxable year, it appears upon the production of evidence satisfactory to the commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called 'second year') and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding tax-

able year (hereinafter in this section called 'third year')." 26 USCA § 937 (a) and (b).

Section 240(a): "Corporations which are affiliated * * * may, for any taxable year, make separate returns or, under regulations * * * make a consolidated return of net income for the purpose of this chapter, in which case the taxes thereunder shall be computed and determined upon the basis of such return"; (b) provides that the total tax shall be computed in the first instance as a unit, and shall then be assessed upon the respective corporations as they shall agree, or on the excess·of the net income properly assessable to each. 26 USCA § 993(a) and (b).

In Regulation 69, art. 635, Consolidated Net Incomes of Affiliated Corporations, it is provided: "Subject to the provisions covering the determination of taxable net income of separate corporations * * * the consolidated taxable net income shall be the combined net income of the several corporations consolidated. In respect of the statement of gross income and deductions a corporation filing a consolidated return must show * * * the details of the items of gross income and deductions for each corporation included in the consolidation."

Appellant supplements its contention that the words themselves simply and plainly ·mean that the statutory net loss shall be allowed as any other deduction is, in arriving at the result of the taxpayer's business for that year, whether it is a plus or a minus quantity, by arguing that there is in neither section 206(b) the net loss section, nor in section 240, or any regulation under either, any provision directing that this deduction be differently treated in making up consolidated returns. He declares that, though no new taxpayer has resulted from the affiliation, and the individuals who compose the group are still the statutory taxpayers, the affiliated group in reality constitutes a tax unit, a quasi taxpayer, "a person subject to the tax," "whose income and capital stock are really the income and capital stock of a single enterprise," Ice Service Co. v. Com'r (C. C. A.) 30 F.(2d) 230; National Slag Co. v. Com'r (C. C. A.) 47 F.(2d) 846; Flannery & Co. v. Com'r (C. C. A.) 42 F.(2d) 11, and that, since it is the combined net income which is being sought in the case of a consolidated return, and that income is the result of the deduction from the aggregate of the gross income of all of the affiliates of their gross allowable deductions, it is to impress a too literal and arbitrary meaning upon the words "net income," as used in the net loss statute, to limit it to a plus quantity, when the same term as to all other deductions is used both in a plus and minus sense, to mean a profit or a loss.

Of course, if appellant is right in its assumption that the statutory net loss deduction 'must be treated like any other deduction in making·up a consolidated return, it is right in its conclusion that it should have had the benefit of it here. If, on the other hand as we think, this is a special deduction available only in strict accordance with the terms of statutes which give it, appellant is wrong, and it should have been disallowed.

We think the assumption of appellant and its argument in support of it overlooks the point that taxes go by years, and that though in the taxable year in question the individual corporations are still taxpayers, the business is really·regarded for the purpose of taxation, as a unit, and as such subject to tax on the business of that year. Because the income on which the tax shall be paid in the taxable year, though made up of the results of the business of each affiliate, is not the income of each individual taxpayer, but the income·of the unit for that year, the Commissioner was right in allowing against the aggregate gross income of the business for that year the aggregate deductions applicable to that year. This treatment gives full effect to the purpose of the statute·to allow affiliates to transact their business as freely as though they were one corporation acting through departments, with the assurance to the government and the taxpayer alike that the taxes payable as the result of the business done by the taxable unit in that year will, without reference to the bookkeeping of the individual corporations, be paid upon the whole business done by the unit, taking into consideration all of the earnings and all of the deductions of the branches of the business, not separately but in the aggregate, just as though in that year there was no separate corporate structure, but one corporation maintaining many departments.

When, however, it is sought to extend the grant of the statute authorizing a taxpayer to offset the earnings of subsequent years against the loss of a prior year so as to confer upon an affiliated group the extraordinary privilege of deducting from its earnings actual losses, which neither it nor its affiliates incurred in the taxable year of the affiliated group, the one making this claim must be

able to point to clear and unmistakable language authorizing that extension.

Apart from the nice verbal construction of sections 206 and 240 which supports the view that section 206 may not be so extended, we think no other view consonant with the general intent and purpose of the two statutes. The view we take gives full effect to them both. It does not permit affiliation to deprive the taxpayer of his net loss privilege or in any manner diminish it. It does not permit affiliation to enlarge or in any manner change it. This personal privilege, extended to the individual taxpayer to palliate the rigidity of the annual system of taxation, and to spread over the two succeeding years for the purpose of deduction in them from the net income which the taxpayer might make in those years, losses which, though not all actually accruing in the one year, were perhaps the foundation of the income of the following years, we think should be given the full effect intended. It should not be by construction extended to the unreasonable result of permitting a corporation having no connection whatever within the losses to avail itself of them as a positive deduction through the device of affiliation.

While appellant does find support for the position which it takes, in the opinions of the Board of Tax Appeals, we cannot agree with the view which the Board takes. Whether the decision in the National Slag Co. Case, supra, was or not correct, it did not decide the point before us. That case merely decided that, since one Buckland had during the years in which the statutory net losses were sustained, as well as during the year of affiliation, owned both of the enterprises, the loss was really his loss, and the statute should be construed so as to give him the benefit of it.

Decisions which, though not directly in point, in principle support the position we take, that the statutory net loss is individual to the taxpayer incurring it and may be availed of by him to the extent of his net income, are Swift & Co. v. United States (Ct. Cl.) 38 F.(2d) 365; Sweets Co. of America v. Com'r (C. C. A.) 40 F.(2d) 346; Burnet v. Moore Cotton Mills Co. (C. C. A.) 49 F.(2d) 59; cf. Planters' Oil o. v. Hopkins (D. C.) 47 F.(2d) 659; Busch v. Com'r (C. C. A.) 50 F.(2d) 800; First National Bank of Chicago v. U. S., 283 U. S. 142, 51 S. Ct. 378, 75 L. Ed. 913.

The judgment of the court below is affirmed.