**PLANTERS' COTTON OIL CO., Inc., et al. v. HOPKINS, Internal Revenue Collector.**

No. 6243.

Circuit Court of Appeals, Fifth Circuit.

Nov. 20, 1931.

J. M. Burford, of Dallas, Tex., and J. L. Gammon, of Waxahachie, Tex., for appellants.

Wright Matthews, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., and

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The consolidated return for the fiscal year ending June 30, 1924, of Planters' Cotton Oil Company, Waxahachie, and Planters' Cotton Oil Company, Ennis, unincorporated associations, 98 per cent. of the stock of which was owned by Chapman, showed a net loss of $206,031.03. Of this total, $182,284.86 was the loss of the Waxahachie company; $23,746.17 of the Ennis company. For reasons of his own not disclosed by the stipulation on which the case was tried, Chapman, in August and September, 1924, caused to be formed under the laws of Texas three corporations, Planters' Cotton Oil Co., Inc., Waxahachie; Planters' Cotton Oil Co., Inc., Ennis; and Farmers' Gins, Inc., and to be transferred to them certain of the assets of the associations. In consideration of their transfer, there was issued to Chapman substantially all of the stock of the three corporations. These assets so transferred constituted the entire assets of the corporations.

For the fiscal year ending June 30, 1925, the three corporations and the two joint stock companies filed a consolidated tax return reporting a net income of $69,237 made up of a net income of the three corporations of $147,636.25, a loss of the two associations of $78,399.25. The tax assessed upon this return was paid for the group by Planters' Cotton Oil Co., Inc., Waxahachie. No claim to a deduction for the net losses sustained by the unincorporated companies was then, or in fact until 1927, made by plaintiff. In 1927, claim for refund of taxes overpaid in 1925, because these net losses were not taken into account in the return and the assessment for that year, was made. The claim was rejected on the ground that the statutory net loss deduction was personal to the taxpayer which had sustained it, and could be used only in computing its net income. That since neither association had net income in 1925, but in that year, as in 1924, each had sustained a net loss, it could not be availed of by any other of the affiliates having net income to diminish the net income of the group. The District Judge took the same view. Planters' Oil Co. v. Hopkins, 47 F. (2d) 659. This appeal has resulted.

In Woolford Realty Company v. Rose, 53 F. (2d) 821 decided November 13th, this court had occasion to consider generally the question here involved. There, after full consideration, we decided that the statutory net loss deduction was personal to the taxpayer sustaining it, could be availed of in the following year by that taxpayer alone, and by him only to the extent that he had net income in that year. That it could not be availed of to create a minus net income or loss which might be used by a member of the group which did have net income as a positive deduction against that income.

Were this a case as that one was, of corporate affiliation of interests theretofore distinct, brought about after the net losses had been sustained, we should dispose of this case by a mere reference to that opinion. Since, however, the differentiating facts appear here as they did in the case of National Slag Co. v. Com'r (C. C. A.) 47 F. (2d) 846, 847, that one person has at all times been substantially the owner of all of the stock in all of the companies involved, and the tax ultimately fell on him because he at all times owned all of the companies, in the Slag Case, two companies so owned having been consolidated, in this case five companies so owned having been created by carving three out of the two which had sustained the net loss, it becomes necessary for us now to determine whether these differences of fact require a different legal conclusion. We do not think they do.

It is true that the facts of this case and of the National Slag Company Case do present a situation of which if the matter were to be determined upon considerations of general fitness, it might be well said, as the court did in the Slag Case: "It seems on principle that the provisions of section 206 should apply to the consolidated return of these affiliated companies"; but the question may not be decided upon such considerations. The rights of the claimants here must rest upon the express terms of the statute. They have no natural spring. "A deduction from gross income can be claimed only as authorized by the statute." Pugh v. Com'r (C. C. A.) 49 F. (2d) 76, 77; Darby-Lynde Co. v. Com'r (C. C. A.) 51 F. (2d) 32. The statutory net loss deduction has been definitely decided to be a deduction purely personal to the individual taxpayer sustaining it. Busch v. Com'r (C. C. A.) 50 F. (2d) 800; First National Bank of Chicago v. U. S., 283 U. S. 142, 51 S. Ct. 378, 75 L. Ed. 913; Woolford Realty Co. v. Rose, supra.

Unless therefore the fact that Chapman is and has at all times been substantially the sole owner of the stock, both of the unin-

corporated associations from which the corporate taxpayers sprang and of the corporations gives him warrant to assert that in reality he has at all times been the taxpayer, and the losses and gains alike have been his, the deduction may not be allowed.

■ It is the general rule that the corporation and the stockholders are essentially distinct entities, and that though to circumvent fraud the corporate entity may be regarded as a fiction, ordinarily it must be regarded as having a real, a substantial, existence. Donnell v. Herring-Hall, 208 U. S. 267, 28 S. Ct. 288, 52 L. Ed. 481; Klein v. Bd. of Supervisors, 282 U. S. 19, 51 S. Ct. 15, 75 L. Ed. 140, 73 A. L. R. 679. Nor does the fact that one person owns all or substantially all of the stock of the corporation at all change the rule. Aiello v. Crampton (C. C. A.) 201 F. 891; Ga. Ry. Co. v. Georgia (D. C.) 289 F. 878; Winfield v. Wichita Natural Gas Co. (C. C. A.) 267 F. 47. Particularly is it true as regards taxation and matters of government fisc, that the members of a corporation and the corporation itself are essentially different entities. Darby-Lynde Co. v. Com'r (C. C. A.) 51 F. (2d) 32; Marr v. U. S., 268 U. S. 536, 45 S. Ct. 575, 69 L. Ed. 1079; Klein v. Bd. of Supervisors, 282 U. S. 19, 51 S. Ct. 15, 75 L. Ed. 140, 73 A. L. R. 679. The whole structure of the federal taxing system is based upon a recognition of, and an exact compliance with, these distinctions. Fraudulent pretense absent, the government accepts the taxpayer as it represents itself to be, and one may not, chameleonlike, change that appearance to suit his necessity or his convenience. Especially may he not, as here, for the purpose of obtaining a deduction which he could have had if the matter had taken individual form, deny that substance to these entities which in the conduct of the business, the making of the tax returns, and in all other respects he at all times has consistently and definitely affirmed.

Though, then, it is true in a sense as the District Judge said it was, that "the result of the year's work was a benefit or a loss to Chapman, and the tax was, in reality, paid by him, because he owned the companies," this is not the kind of reality of which he may avail. It is but a remote reality, the result of direct, of immediate realities, the operation of corporations which, though created by him from the assets of unincorporated associations which he owned, are none the less in law separate and distinct from each other and from him, with whom, and not with him, the government has dealt and must continue to deal. The judgment of the court below is affirmed.