## TEXAS PIPE LINE CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6181.

Circuit Court of Appeals, Third Circuit.
Jan. 22, 1937.

Rehearing Denied March 29, 1937.

B. H. Bartholow and Allin H. Pierce, both of New York City (Dunnington, Bartholow & Miller, of New York City, of counsel), for petitioner.

Robert H. Jackson, Asst. Atty. Gen., J. Louis Monarch and Maurice J. Mahoney, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The Texas Pipe Line Company, hereinafter called the petitioner, is one of a number of corporations which filed consolidated income tax returns. By an allocation agreement which was accepted by the Commissioner, the income tax of the affiliated group and all deficiencies were allocated to the petitioner.

The Texas Company of Texas, hereinafter called Texas and the Texas Company of Delaware, hereinafter called Delaware, together with the petitioner and others not named, are the subsidiaries of the Texas Corporation. In 1921 Texas acquired, by lease, mineral rights in certain realty in Texas known as Hoskins Mound at a cost of $633,000 and in the same year discovered a sulphur mine in the property. In 1922 it transferred its interest in the property, but retained the right to royalties on all sulphur mined and sold. By reason of this retained interest, it was entitled to and did receive in computing its net income deductions for depletion of the sulphur mine, based on its value at the time of discovery. In 1926, Texas determined to reorganize under the laws of the state of Delaware which it deemed more favorable to its business than the laws of the state of Texas. On August 25, 1926, Texas caused the reorganization of The Texas Corporation to act as a holding company, and on January 24, 1927, caused the organization of Delaware, both being incorporated under the laws of Delaware. Between August 30, 1926, and April 12, 1927, The Texas Corporation acquired by exchange of stock for stock more than 99 per cent. of the outstanding capital stock of Texas and acquired by subscription all of the issued capital stock of Delaware. On April 19, 1927, Texas transferred to Delaware all its assets and liabilities in consideration of payment by Delaware of the net book value. Among the assets was the interest of Texas in the sulphur mine. On April 20, 1927, Texas was dissolved. It is agreed that the unit rate for discovery depletion of the sulphur property should be $2.075 per ton; that for 113,303 tons of sulphur mined and sold from January 1, 1927, to April 19, 1927, the date of the transfer to Delaware, Texas was entitled to a deduction of $235,103.73; that 258,178 tons of sulphur were mined and sold from April 20, 1927, to December 31, 1927; and that, if Delaware is entitled to compute its depletion on the basis of the discovery value of the mine, it may deduct from its 1927 net income an allowance for depletion at the rate of $2.075 per ton, or a total of $535,719.35. The petitioner in its consolidated return claimed a deduction for depletion on sulphur mined and sold throughout the year 1927.

The Commissioner in his first tax deficiency notice objected to the depletion rate used by the petitioner and assessed a deficiency. In an amended answer to the petition for redetermination the Commissioner alleged that no depletion based on discovery value should be allowed. The Board of Tax Appeals determined a deficiency.

This appeal is based on the failure of the Board to hold that the discovery basis for depletion was not changed or destroyed by reason of the transfer of the property from Texas to Delaware. The petitioner contends that Texas and Delaware were both affiliates of a group which filed a consolidated income tax return; that intercompany transfers must be eliminated; and that as a result the property transferred has the same tax basis in the hands of the intercompany transferee as it had in the hands of the intercompany transferor. It also contends that the petitioner is entitled to some depletion allowance for the period from April 20 to the end of the year 1927 and that, as the Commissioner refused to permit the use of the discovery basis, the burden should be placed upon him to suggest an alternative basis.

■ If the petitioner is entitled to a deduction for depletion of the mine property based on discovery value, it must necessarily be by reason of sections 204 and 234 (a) (8) of the Revenue Act of 1926 (44 Stat. 14, 41, 42). Section 234 (a) (8) provides generally for an allowance for depletion of mines. Section 204 (c) (1) prescribes what must be proved by the taxpayer in order to entitle it to use the discovery basis in computing a depletion allowance for a mine. The section reads:

"(c) The basis upon which depletion, exhaustion, wear and tear, and obsolescense are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, except that—

"(1) In the case of mines discovered by the taxpayer after February 28, 1913, the basis for depletion shall be the fair market value of the property at the date of discovery or within thirty days thereafter, if such mines were not acquired as the result of purchase of a proven tract or lease, and if the fair market value of the property is materially disproportionate to the cost."

It is important, therefore, to determine whether the mine was discovered by the taxpayer claiming the right to the use of the discovery basis. The fact that the mine was the property of Texas when sulphur was discovered is undisputed. Texas and Delaware are beyond question two separate and distinct corporations. In fact, the corporate existence of Texas terminated upon the organization of its successor Delaware. From April 20, 1927, to December 31, 1927, the period for which Delaware claims the right to depletion, there was no Texas, since all necessary steps had been taken to terminate the existence of that corporation. It follows that the nonexistent Texas could not be an affiliate of Delaware and that the contentions based upon an assumption that Delaware and Texas were affiliates for the period in dispute are untenable. An analogous situation is found in Darby-Lynde Co. v. Commissioner (C.C.A.) 51 F.(2d) 32. In that case the Tenth Circuit refused to allow a corporation to which a partnership had transferred all its assets, among which were oil and gas leases, the right to use the discovery basis available to the partnership in calculating a depletion allowance.

■ We next consider the petitioner's alternative contention that, even though the discovery basis for depletion is not available to it, some depletion allowance should be made. Delaware acquired the mine as a result of a tax-free reorganization. Under such circumstances the method for computing the depletion allowance is found in section 204 (a) (7), of the Revenue Act of 1926 (44 Stat. 15), which provides that the basis available to the transferee shall be the cost to the transferor. The sulphur mine cost Texas $633,000, and the facts as stipulated by the parties and as found by the Board indicate that an allowance for depletion in excess of this sum had been granted to Texas prior to the transfer of the mine property to Delaware. There is therefore nothing left upon which Delaware is entitled to a depletion allowance.

The decision of the Board of Tax Appeals is affirmed.