## JOSEPH EICHELBERGER & CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8280.

Circuit Court of Appeals, Fifth Circuit.

March 17, 1937.

HUTCHESON, Circuit Judge, dissenting.

———◇———

C. E. Duncan, of Tavares, Fla., for petitioner.

Joseph M. Jones, Norman D. Keller, and Sewall Key, Sp. Assts. to Atty. Gen., Robert H. Jackson and James W. Morris, Asst. Attys. Gen., and Herman Oliphant, Gen. Counsel, Department of Treasury, and John E. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The petitioning taxpayer, Joseph Eichelberger & Co., a corporation, asserts that the Board of Tax Appeals erred in holding that a loss of $29,000 in the sale of certain land was realized in 1930 and not in the tax year 1932. The undisputed facts are that the land cost $35,000 and was in 1930 conveyed to Umatilla Groves, Inc., for $6,000 to be later paid. Both corporations belonged wholly and in the same proportions to two individuals who were the officers of each. Taxpayer in its income tax return for the year 1930 claimed as a deduction a loss of $29,000 as realized by the transaction with Umatilla Groves, Inc. The Commissioner, as it is stipulated, disallowed the deduction, and the Board finds that it was "for the reason as given by the Revenue Agent in charge that since the stock of petitioner and of Umatilla Groves, Inc., was all owned by the same individuals the transfer was a non-taxable transaction." This ruling was not contested. Umatilla Groves, Inc., had paid nothing, and the sale of the land was agreed to be canceled, and appropriated entries were made on the books of both corporations but no reconveyance of the title was executed. In 1932 Umatilla Groves, Inc., conveyed the land to a stranger for $6,000 which took the form of stock in a third corporation, which stock was at once turned over to the taxpayer and was by it sold for $6,000 cash. These transactions in 1932 were set up in the present tax return as realizing a loss in that year of $29,000, but the deduction was again disallowed.

The land which cost taxpayer $35,000 is gone, and the taxpayer has $6,000 to show for it. Beyond question the loss of $29,000 has been suffered, and the only question is whether it occurred in 1930 or in 1932. Under all the circumstances we think the deduction ought to be allowed in 1932. There is no room for doubt that the sale in 1930 by one of the identically owned and managed corporations to the other on which nothing was ever paid was fictitious and intended only to realize a loss. Transactions between corporations owning each other or identically owned are by the tax statutes very generally ignored as realizing a gain or loss. While no provision exactly fitting this case is pointed to, the disallowance by the Commissioner of the loss in 1930 for the reason given by the agent seemed reasonable and was accepted as a right decision. The fictitious sale having failed of its object, was set aside on the books of both corporations. Thereafter the taxpayer could never have collected the

wholly executory consideration. Although the legal title was left in Umatilla Groves, Inc., the beneficial ownership was in the taxpayer. Umatilla Groves, Inc., held the title as a naked trustee for the benefit of the taxpayer. When it sold the land in 1932 to an outsider, since the corporate officers were the same the taxpayer of course was consenting. In turning the consideration over to the taxpayer Umatilla Groves, Inc., was not paying its debt for the land, because that obligation did not exist, but was recognizing its trust. The consideration must have been turned over if it had been twice $6,000. This was the first real sale of the land.

This conclusion is fortified by the rejection of the claim of loss in 1930 on the ground that the then sale was not a real one and could not realize a loss. Whether that decision was right or wrong, the accredited officer of the United States made it. He cannot justly decide in 1930 that the sale did not realize the loss and thereby collect increased taxes, and in 1932 decide that it did realize the loss and collect taxes accordingly again. We said in Perkins et al. v. Thomas, Collector, 86 F.(2d) 954, 956: "It is manifestly unjust to allow the government, having thus informed the taxpayer he could not have the deduction for his invested capital in 1928, now to say he could have it only then." This is not a case of a taxpayer who neglected to assert his rights and so lost them by limitation. It is not a case of taking bad advice given by a mere revenue agent as in Darling v. Commissioner (C.C.A.) 49 F.(2d) 111. The right was claimed in the 1930 return and disallowed by the Commissioner. The United States got the benefit of his decision then and ought to abide by it now. The judgment is reversed, with direction to correct the tax by allowing the deduction in contention.

Reversed.

HUTCHESON, Circuit Judge (dissenting).

I cannot agree with the majority that because the deduction was not allowed when claimed in 1930 it must be allowed when claimed in 1932. The facts are without dispute. The issue they present is a simple one. Petitioner in 1925 purchased real estate in Orlando for $35,000. In 1930 it transferred this property by deed to Umatilla Groves, Inc., a holding company, whose stock except for certain shares was all owned in the same proportion by the two individuals who owned petitioner's stock. As consideration for the transfer Umatilla gave petitioner its promissory note for $4,000 and assumed an existing mortgage for $2,000. Neither of these obligations as such were ever paid by Umatilla. In its income tax return for 1930 petitioner sought to claim the deduction of a loss of $29,000 on account of this sale, but it was advised by the Revenue Agent at Jacksonville that since the stock of petitioner and of Umatilla was wholly owned by the same individuals, "no loss for tax purposes could be taken until the property had been sold to an outside interest." After this advice which was given in 1931, an entry was made on the books of the corporation, purporting to transfer the property back. Nothing, however, was done to effectuate this, and in 1932 for the purpose of taking property which was to be given in trade for the property in question, petitioner organized a company, Clermont Groves, Inc., the stock of which was held by the same persons, and in the same proportions as the stock of petitioner, and of Umatilla. The trade was accomplished by having Umatilla deed the property to the purchaser, having Clermont issue its stock to Umatilla on the basis of $6,000, and having Umatilla assign the stock to petitioner. In the same year its stockholders purchased the stock from petitioner for $6,000, and it is upon this sale of the stock that the loss of $29,000 is claimed. The Commissioner and the Board concluded that the loss occurred in 1930 when the property was deeded to Umatilla and not in 1932 when the stock sale occurred. I think they were right. The fact that the stock of petitioner and of Umatilla was owned by the same persons in no manner prevents the sale made in 1930 from being effective to establish the loss as of that time. The fact that the revenue agent advised that because of the stock ownership there was no taxable transaction is not material in determining whether or not there was. Neither is the fact that the notes were not paid by Umatilla or that entries were made in its books in the following year with the intention of effecting a transfer back. No transfer occurred. The property remained in its name and was sold by it. The consideration, though assigned to petitioner, was received by Umatilla at the value of exactly that of the notes it executed and assumed. Under these circumstances to permit the taxpayer to disregard and deny the verity of the corporate structure it created, in order to claim a loss in a year different from

876

that in which it in fact occurred, would be to introduce confusion into a system which constructed on a yearly basis must function on such basis. As regards taxation, members of a corporation and a corporation itself are essentially different. The whole structure of the Federal Taxing System is based on a recognition of and an exact compliance with this difference. Planters' Cotton Oil Co. v. Hopkins (C.C.A.) 53 F.(2d) 825, 826. The Commissioner and the Board were right in refusing to permit the taxpayer to claim a loss in a year in which it did not occur. The fact that petitioner was discouraged by advice erroneously given in 1931 from pressing his deduction claim to a final decision created no contract with the Government either by agreement or by estoppel that deductions which ought to have been taken for 1930 could be taken in any other year. I think the Board's order was right, I dissent from its reversal.