BLUM'S, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2523. Promulgated September 20, 1929.

*J. Wallace Bryan, Esq., H. C. Bangs, Esq., R. S. Doyle, Esq.,* and *R. Kemp Slaughter, Esq.,* for the petitioner.
*A. W. Gregg, Esq.,* and *G. E. Adams, Esq.,* for the respondent.

OPINION.

LITTLETON: This proceeding came on for hearing on a notice of settlement under Rule 50 on the basis of a decision of the Board promulgated July 26, 1927. In the alternative computations submitted by the parties, the principal point of difference relates to the deduction allowable in 1919 and 1920, years in which the installment method of reporting income was followed, on account of debts ascertained to be worthless in those years, such debts representing sales made in 1917 and prior years when petitioner was on the accrual

basis and reported the entire amount of such sales in its gross income. The petitioner also asks the Board to consider the allowability of a salary deduction in 1918, a year for which no deficiency was determined by the Commissioner, but as to which year the Commissioner in his amended answer sought by affirmative allegation to have the Board determine a deficiency.

The contention with respect to bad debts involves two somewhat different situations, though the parties are agreed (and we think properly so) that the principle to be applied is the same in both instances. In the first place, deductions are claimed in 1919 and 1920 in the total amount of debts ascertained to be worthless in those years on account of sales made prior to 1918, when the petitioner was on the accrual basis, and where there were no collections on the accounts and no repossession of the goods when the debts were determined to be worthless. The only difference as to the second class from that of the first is that some collections were made on the accounts prior to the determination of their worthlessness in 1919 and 1920, and there were some goods repossessed at that time of a small market value. The contention of the petitioner is that the entire amounts represented by the first class of debts should be allowed as deductions in 1919 and 1920, and that, as to the debts represented by the second class, the deductions allowable in 1919 and 1920 are the differences between the respective amounts of the debts and the collections thereon, plus the market value of the goods repossessed. As we understand the petitioner's position, it is that since these debts represent sales which were included in gross income in their entirety when the petitioner was on the accrual basis, a corresponding deduction should be allowed when the debts are ascertained to be worthless, regardless of the fact that at the time the deduction is sought the petitioner is on the installment basis. On the other hand, the contention of the Commissioner is that, under the conditions here existing, the deductions allowable are only the amounts which represent the cost of the goods which produced the debts which were determined to be worthless. In other words, the Commissioner would allow, in the year in which the debt was ascertained to be worthless, only what might be termed the capital cost of the goods sold and would exclude from the deduction any element of profit which was included in sales when made.

The contention here advanced by the petitioner was considered by us when our decision in this case was promulgated, at which time we said:

The petitioner's contention that there should be deducted from gross income of 1918, 1919, and 1920, as bad debts, the whole of such installment accounts of

1917 which were ascertained to be worthless and charged off in those years, is not well taken. While the fact that the entire profits from the sales represented by those accounts was included in gross income for 1917, in accordance with the method then employed for returning income, presents a situation with a strong appeal, we can not overlook the fact that income taxes are levied upon the gains and profits of annual periods, and that each annual period must necessarily, under the provisions of the taxing statutes, stand by itself. *Appeal of Atkins Lumber Co.*, 1 B. T. A. 317. Any situation which arises, in any taxable year, whether it involve the inclusion of a gain or profit in gross income, or the deductibility of an item of expense or loss, must be considered in relation to the method employed in returning income for that year. The fact that certain accounts receivable of a prior year have been included in the income of that year does not determine the treatment to be accorded them in a subsequent year, after a change in the method of returning income, when they are ascertained to be worthless and uncollectible. The deduction which a taxpayer is entitled to make from the income of any taxable year, on account of debts ascertained to be worthless and charged off within that year, depends entirely upon the method employed in returning income for that year. The rule is that all items of income and expenses and losses must be consistently accounted for on the same basis. *Appeal of Henry Reubel*, 1 B. T. A. 676; *United States* v. *Mitchell*, 271 U. S. 9; *Appeal of Owen-Ames-Kimball Co.*, 5 B. T. A. 921. The income of this petitioner, for the years involved, is to be determined by the use of the installment sales method; hence, the deduction which may be made for bad debts must be determined on the same basis. A taxpayer employing the installment sales method returns income only as it is reduced to possession; consequently, the loss resulting from defaulted contracts, if the merchandise is not repossessed, is measured by the unrecovered cost of the merchandise included in the worthless accounts charged off. \* \* \*

The petitioner, however, says that the foregoing rule is not now applicable for the reason that since the promulgation of our decision, section 705 (a) of the Revenue Act of 1928 has been enacted, which would change the rule which we laid down under the Revenue Act of 1926. The section referred to reads as follows:

If any taxpayer by an original return made prior to February 26, 1926, changed the method of reporting his net income for the taxable year 1924 or any prior taxable year to the installment basis, then, if his income for such year is properly to be computed on the installment basis—

(1) No refund or credit of income, war-profits, or excess-profits taxes for the year in respect of which the change is made or any subsequent year shall be made or allowed, unless the taxpayer has overpaid his taxes for such year, computed by including, in computing income, amounts received during such year on account of sales or other dispositions of property made in any prior year; and

(2) No deficiency shall be determined or found in respect of any such taxes unless the taxpayer has underpaid his taxes for such year, computed by excluding, in computing income, amounts received during such year on account of sales or other dispositions of property made in any year prior to the year in respect of which the change was made.

But we fail to see wherein the foregoing provision makes any change with respect to the deduction on account of debts which were created when the petitioner was on the accrual basis, but determined to be worthless when income was being reported on the installment basis; the section refers to the inclusion or exclusion of income under certain conditions and makes no reference to an enlargement or curtailment of the deductions allowable. Here, we are concerned with a situation where the computations of both parties show deficiencies for each of the years on appeal, and under such conditions the collections made in these years on sales made prior to the time when the change was made from the accrual to the installment basis are to be excluded. The effect of the petitioner's contention is to say that under such conditions a taxpayer should not only have the benefit of a reduction in income through exclusion of profits on sales made in the accrual year, but also a further reduction through an increase in the deductions which were otherwise allowable under the Revenue Act of 1926. In our opinion, the granting of the latter reduction would mean an unjustifiable extension of a statute of a relief character, and, accordingly, the construction to be given thereto must be of a strict nature as against the party seeking relief thereunder. When viewed in this light, we are unable to see that the section in question did more than provide for the inclusion or exclusion, under certain conditions, of profits from sales made prior to a change from the accrual to the installment basis of reporting income and thus left the provisions as to deductions as they existed under the Revenue Act of 1926, as to which we held that the basis now followed by the Commissioner in the computation here presented, with respect to debts ascertained to be worthless, provided the proper allowable deductions.

With respect to the other point raised by the petitioner, namely, that we should take jurisdiction of 1918 for the purpose of determining whether a certain salary deduction there claimed is allowable, we specifically refused, in our promulgated opinion, to consider 1918 other than might be necessary to determine correctly the deficiencies for 1919 and 1920. Since a consideration of the issue here raised is not necessary in order correctly to determine the deficiencies for 1919 and 1920, the request made by petitioner with respect to 1918 is denied.

Reviewed by the Board.

*Decision will be entered in accordance with the respondent's computation.*