JOHN SCOWCROFT & SONS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29583.   Promulgated December 18, 1929.

*Lincoln G. Kelly, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

OPINION.

SEAWELL: The record shows that the petitioner and the Scowcroft Investment Co. were affiliated throughout the taxable year 1923.

The sale by the Scowcroft Investment Co. of 429 shares of the capital stock of petitioner which it owned did not destroy such affiliation. They filed a consolidated return for the taxable year in question. They were, for the purpose of the income tax for that year, one and the same taxpayer. The sale was a capital transaction which could not give rise to a taxable gain or a deductible loss, and this is true whether the sale of the stock was to members of the Scowcroft family or to others. The Commissioner erred in treating the excess of the selling price over the cost of the 429 shares of the capital stock of the petitioner as taxable income to the Scowcroft Investment Co. and the affiliated group.

Our decision of the issue involved in this appeal is governed by the decisions of the Board in the following appeals: *Farmers Deposit National Bank*, 5 B. T. A. 520; *Interurban Construction Co.*, 5 B. T. A. 529; *H. S. Crocker Co.*, 5 B. T. A. 537. See also *Riggs National Bank*, 17 B. T. A. 615, in which the three first-named cases are cited approvingly; and *Remington Rand, Inc.* v. *Commissioner of Internal Revenue*, 33 Fed. (2d) 77, distinguished and followed.

Upon the authority of these cases, *supra*, it is held that no taxable gain was realized by the petitioner from the sale of the 429 shares of the capital stock of petitioner held and sold by the Scowcroft Investment Co. in 1923, and the Commissioner's determination of the deficiency arising from the inclusion of $8,243.66 as a gain from the sale of such stock and treating it as taxable income was erroneous.

*Judgment will be entered under Rule 50.*