## FIRST NATIONAL BANK OF CHICAGO *v.* UNITED STATES.

No. 124. Argued March 4, 1931.—Decided April 13, 1931.

*Mr. Harold V. Amberg* for petitioner.

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher* and *Messrs. H. Brian Holland, Erwin N. Griswold,* and *Bradley B. Gilman* were on the brief, for the United States.

*Mr. John E. McClure,* by special leave of Court, filed a brief as *amicus curiae.*

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The First National Bank of Chicago made a consolidated corporation income and profits tax return for the year 1922, which, among other things, disclosed results from operations of two affiliated corporations, the First Trust Joint Stock Land Banks of Chicago and Dallas, organized under the Federal Farm Loan Act of 1916. It claimed the right to deduct from total receipts the amounts paid (or accrued) during the year by the Land Banks for interest upon their outstanding bonds. The Commissioner refused to allow the deductions. Payment as demanded was followed by suit to recover in the Court of Claims. Judgment went against the Bank and the matter is here upon certiorari.

From the findings, based upon a stipulation of facts, it appears—

" The First Trust Joint Stock Land Bank of Chicago and the First Trust Joint Stock [Land] Bank of Dallas, which were organized under the Federal farm loan act of July 17, 1916, issued to and/or had outstanding in the hands of the public in the year 1922 their joint-stock land bank bonds, respectively. on which interest was paid and/or accrued in the year 1922, in the aggregate sum of $78,807.80, part of which was the intercompany transaction in the amount of $5,810.25, leaving a balance paid or

144

accrued of $72,997.55. As security for the payment of said joint-stock land bank bonds said joint-stock land banks, as provided in the Federal farm loan act, deposited with the proper farm loan registrars farmers' promissory notes evidencing loans to said farmers, which in turn were secured as to payment by said farmers' first mortgages on their farms.

"The proceeds coming into the hands of said joint-stock land banks from the issuance and sale of said joint-stock land bank bonds were used by said joint-stock land banks to make new additional loans to farmers, which new loans made from the proceeds of said joint-stock land bank bonds issued and/or outstanding in 1922, were made in each instance in consideration of the making and delivery by the borrowing farmers, respectively, of their promissory notes secured as to payment by first mortgages on their farms. All of said loans, respectively, and the farmers' notes and mortgages, respectively, evidencing said loans, were designed to be and were of such a nature as to comply with (1) all the terms, conditions, restrictions, limitations, and requirements specified in the Federal farm loan act, as requisite to qualify said loans, notes, and mortgages, as 'first mortgages' in contemplation of said act, so as to make them available as collateral security against the issue of joint-stock land bank bonds; and (2) all terms, conditions, restrictions, limitations, and requirements, statutory or otherwise, specified in the laws of the State in which the farm which was the subject of the particular loan was located (to wit, the States of Illinois, Iowa, Texas, and Oklahoma, respectively), as requisite to qualify said loans, notes, and mortgages as valid and subsisting first mortgages, in contemplation of such laws. Said notes and mortgages contain an agreement providing for the repayment of the loan on the amortization plan, as provided in section 12, second, of the Federal farm loan act,

and such agreement in respect of each note and/or mortgage was such that the respective note and/or mortgage was not [to be] extinguished within a period of less than thirty-three years, except, of course, at the option of the borrower.

" The interest received by the plaintiff on such farmers' notes and mortgages was not taxable as income to the plaintiff and was not so taxed in respect of plaintiff's return for the year 1922."

Decision of the cause must turn upon the construction of pertinent portions, Revenue Act 1921, Title II, c. 136, 42 Stat. 227, 237, 238, 252, 254.

Section 213 provides that the term " gross income " does not include interest upon " securities issued under the provisions of the Federal Farm Loan Act of July 17, 1916."

Section 230 imposes a tax at specified rates upon the net income of every corporation.

Section 234 provides—"(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: . . . (2) All interest paid or accrued within the taxable year on its indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this title; "

The Federal Farm Loan Act 1916, c. 245, 39 Stat. 360, 372, 374, 380, provides (§ 16) for the formation of joint stock land banks " for carrying on the business of lending on farm mortgage security and issuing farm loan bonds," which " shall have the powers of, and be subject to all the restrictions and conditions imposed on, Federal Land Banks by this Act, so far as such restrictions and conditions are applicable . . ." Section 13 authorizes Federal

Land Banks: "First. To issue, subject to the approval of the Federal Farm Loan Board, and to sell farm loan bonds of the kinds authorized in this Act, to buy the same for its own account, and to retire the same at or before maturity. Second. To invest such funds as may be in its possession in the purchase of qualified first mortgages on farm lands situated within the Federal land bank district within which it is organized or for which it is acting." Section 26: "That every Federal land bank and every national farm loan association, including the capital and reserve or surplus therein and the income derived therefrom, shall be exempt from Federal, State, municipal, and local taxation, except taxes upon real estate held, purchased, or taken by said bank or association under the provisions of section eleven and section thirteen of this Act. First mortgages executed to Federal land banks, or to joint stock land banks, and farm loan bonds issued under the provisions of this Act, shall be deemed and held to be instrumentalities of the Government of the United States, and as such they and the income derived therefrom shall be exempt from Federal, State, municipal, and local taxation.".

As pointed out by the court below, "Joint-stock land banks, not being permitted to engage in any business, except that of making loans to farmers and issuing their bonds to procure the necessary funds therefor, do not ordinarily have income subject to taxation, and so long as such banks operate as individual and separate institutions, it can not make the slightest difference whether they have or do not have the right to deduct the interest paid on their bonds. Their income is tax-exempt, and consequently the right to make deductions therefrom means nothing. When, as in the instant case, joint-stock land banks are affiliated with banking corporations that do

have taxable incomes, the question assumes importance, as the interest deduction, if allowed, reduces the tax liability of the affiliated group—even then, however, it in no way affects the joint-stock land banks included in such consolidation. They have no taxable income and they pay no taxes."

Considering the circumstances, we find no reason to conclude that Congress intended to permit any ordinary commercial bank, with income subject to taxation, to secure partial relief therefrom through affiliation with a Joint Stock Land Bank. That result would follow approval of the petitioner's position.

In *Denman* v. *Slayton,* 282 U. S. 514, we said—" The manifest purpose of the exception in paragraph 2, § 214 (a), was to prevent the escape from taxation of income properly subject thereto by the purchase of exempt securities with borrowed money."

The Federal Farm Loan Act (§§ 16 and 13) empowers Joint Stock Land Banks to invest their funds " in the purchase of qualified first mortgages on farm lands." The obvious meaning is that loans might be made on such security. Loans, so made, become " securities issued under the provisions of the " Act and interest upon them is wholly exempt from taxation under Title II, Revenue Act of 1921.

Interpreting the language of the exception in § 234 in view of the legislative purpose, we think that the farm mortgages owned by the affiliated Joint Stock Land Banks must be regarded as " obligations or securities . . . the interest upon which is wholly exempt from taxation under this title," and that the bonds issued by them constituted indebtedness incurred to purchase or carry such obligations.

*Affirmed.*