THOMAS F. PRENDERGAST, EXECUTOR, ESTATE OF PATRICK COLEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42809. Promulgated April 21, 1931.

*Arthur S. Johnson, Esq.,* for the petitioner.
*R. S. Scott, Esq.,* and *E. M. Niess, Esq.,* for the respondent.

**OPINION.**

Smith: Section 212 (d) of the Revenue Act of 1926, applicable to the year 1925, provides as follows:

Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. In the case (1) of a casual sale or other casual disposition of personal property for a price exceeding

$1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this subdivision. As used in this subdivision the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

Article 44, Regulations 69, provides as follows:

*Sale of real property involving deferred payments.*—Under section 212 (d) deferred-payment sales of real property fall into two classes when considered with respect to the terms of sale, as follows:

(1) Sales of property on the installment plan, that is, sales in which the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable year in which the sale is made do not exceed one-fourth of the purchase price.

(2) Deferred-payment sales not on the installment plan, that is, sales in which the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable year in which the sale is made exceed one-fourth of the purchase price.

Sales falling within class (1) and class (2) alike include (*a*) agreements of purchase and sale which contemplate that a conveyance is not to be made at the outset, but only after all or a substantial portion of the purchase price has been paid, and (*b*) sales where there is an immediate transfer of title, the vendor being protected by a mortgage or other lien as to deferred payments.

In the sale of mortgaged property the amount of the mortgage, whether the property is merely taken subject to the mortgage or whether the mortgage is assumed by the purchaser, shall not be considered as a part of the "initial payments" or of the "total contract price," but shall be included as part of the "purchase price," as those terms are used in section 212 (d), in articles 42 and 45, and in this article. Commissions and other selling expenses paid or incurred by the vendor are not to be deducted or taken into account in determining the amount of the "initial payments," the "total contract price," or the "purchase price."

It is contended by the petitioner that the profit from the sale of the real estate involved in this proceeding should be returned on the installment basis, and since no cash was received by the vendor in 1925, no taxable profit was realized in that year. On the other hand, the respondent claims that the sale has none of the characteristics of an installment sale and therefore should be treated as a closed transaction.

An "installment" is defined in Webster's Dictionary as "A portion of a debt or sum of money which is divided into portions that are made payable at different times. The system of making sales, as in conditional sales, for a sum made payable in portions at stated intervals is often called the installment plan." An "installment payment" is defined in Corpus Juris, vol. 32, p. 939, as:

A partial payment on account of a debt due; the arrangement of a payment of a sum of money by fixed portions at stated times; the payment or the time

appointed for payment of different portions of a sum of money, which by agreement of the parties, instead of being payable in gross, at one time, is to be paid in parts, at certain stated times. [Citing cases.]

The method of reporting income on the installment basis was enacted by Congress as a relief provision. The chief idea which motivated Congress in allowing the installment method of reporting income was to enable a merchant to actually realize the profit arising out of each installment before the tax was paid. In other words, the tax could be paid from the proceeds collected rather than be advanced by the taxpayer. Had not this relief provision been enacted, it would have undoubtedly worked hardship where the merchant had his profit deferred upon the installment plan beyond the installment period. See *B. B. Todd, Inc.*, 1 B. T. A. 762; *Blum's, Inc.*, 7 B. T. A. 737.

The record of this proceeding indicates that the decedent sold certain real estate in 1925, receiving therefor two of the bonds of the purchasing corporation secured by a mortgage upon the premises sold. The bonds had a fair market value of $100,000 and were returned as having such value at the date of decedent's death. The property was sold without any provision that there should ever be any installment payments for the property. The bonds were to be payable at maturity approximately 10 years from the date of sale. We are of the opinion that this transaction does not amount to a sale upon the installment plan. The decedent sold the real estate for a consideration of $100,000 and received bonds having that market value. In the circumstances of the case we are of the opinion that this amounted to a closed transaction in the year 1925. There being no question raised as to the correctness of the computation of the profit realized by the decedent upon the sale of the real estate, the action of the respondent in including $47,708.29 in the decedent's gross income for the year 1925 is sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

MURDOCK, dissenting: Section 212 (d) of the Revenue Act of 1926 provides that in the case of a sale or other disposition of real property, if the initial payments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner prescribed for returning income from the sale of personal property on the installment plan. The section further provides that the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the pur-

chaser during the taxable period in which the sale is made. The terms of the sale in question in this case brought it precisely within the provisions of the above section, and in my opinion, the taxpayer had a right to report his profit in the manner prescribed in section 212 (d) so that for the taxable year before us there was no profit to be reported.