VAN CAMP PACKING COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46131.   Promulgated June 6, 1932.

*Paul E. Shorb, Esq.,* and *H. C. Anderson, Esq.,* for the petitioner.
*J. N. Leinenkugel, Esq.,* for the respondent.

OPINION.

MARQUETTE: The first assignment of error is conceded by the stipulation. Petitioner's taxable net income for 1926 must, therefore, be reduced by $29,701.17.

The question left for our determination is whether the purchase and later sale of the capital stock of one affiliated corporation, made by another affiliate with persons not affiliated, resulted in gain or loss to the company making the same, and hence to the consolidated group. The transactions did not disturb the group affiliation.

The same question, upon factual conditions the same as appear here, was before us in *Farmers Deposit National Bank*, 5 B. T. A. 520. We there held that, under section 240 (a) of the Revenue Act of 1918, the affiliated group was to be considered as existing with the attributes of a single taxpayer; that shares of the capital stock of one affiliate, outstanding in the hands of the public, were shares of capital stock of the group; that sales of such stock owned by an affiliate of the issuing company, the affiliation continuing, was a sale by the group of its own capital stock, and that such a sale must be treated as a capital transaction resulting in neither a taxable gain nor a deductible loss. In so deciding we said:

That a corporate taxpayer realizes no taxable gain from the sale of its own capital stock is a well established principle of the taxing statutes. It is a principle which the Commissioner has consistently adhered to in all of the regulations promulgated under the several Revenue Acts. In the *Appeal of Simmons & Hammond Mfg. Co.* 1 B. T. A. 803, this Board held that the sale by a corporate taxpayer of its own capital stock constituted a capital transaction and that no deductible loss resulted therefrom. It follows, *per contra*, that a corporate taxpayer realizes no taxable gain from the sale of its own capital stock. * * * if it is the purpose of the statute to disregard the separate entities of these two companies and to treat them, other than for the actual assessment and payment of taxes, as one business enterprise and one taxpayer, then any capital stock emanating from either one, irrespective of the name its shares may bear, emanates from and is the capital stock of the consolidated group; and a sale by one member of shares of capital stock owned by it in another member of the group is a sale by the consolidated group of its own capital stock, and, *a fortiori*, a sale by a corporate taxpayer of its own capital stock, which can not result in either a taxable gain or a deductible loss.

And after analyzing section 240 (a) of the Revenue Act of 1918 we concluded that " for the purpose of determining the tax liability of the members of an affiliated group, the group is to be regarded and treated as a single corporate taxpayer." To the same effect are *Interurban Construction Co.*, 5 B. T. A. 529; *H. S. Crocker Co.*, 5 B. T. A. 337; *John Scowcroft & Sons Co.*, 18 B. T. A. 532.

Respondent contends that the " single taxpayer " theory above set forth is denied in *Bowman Hotel Corporation*, 24 B. T. A. 1193; *Commissioner* v. *Ben Ginsburg Co.*, 54 Fed. (2d) 238; *Woolford Realty Co.* v. *Rose*, 53 Fed. (2d) 821; and *First National Bank of Chicago* v. *United States*, 283 U. S. 142. An examination of those cases discloses that they were decided upon facts materially different from those in the *Deposit Bank* case, *supra*, and from those in the present proceeding. In the first three of the cases cited by respondent it appears that losses sought to be deducted by the groups in their consolidated returns had been incurred by a member prior to the date of affiliation. In the *Bank of Chicago* case a commercial bank was affiliated with a joint-stock bank which sustained a loss.

The income of such land banks was tax exempt. The court refused to allow deduction of such loss in the consolidated return, on the theory that it could not be presumed that Congress intended to permit an ordinary commercial bank, with an income subject to taxation, to secure partial relief therefrom through affiliation with a joint-stock land bank which could not have any taxable income. Manifestly, such a situation presents a very different problem than the one now before us, and the decision in that case is not controlling here.

Section 240 (a) of the Revenue Act of 1926, which controls this proceeding, does not differ essentially from section 240 (a) of the Revenue Act of 1918, under which *Farmers Deposit National Bank*, *supra*, was decided. We adhere to that decision and hold that no taxable gain was realized by the Van Camp Tank Car Company from the sale of its shares of petitioner's capital stock. The respondent erred in his determination of deficiency in so far as it resulted from including $125,000 as taxable profit from such sale.

*Decision will be entered under Rule 50.*