## OHIO CENTRAL TELEPHONE COMPANY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 52723.    Promulgated May 16, 1933.

*Laurence Graves, Esq.*, for the petitioner.
*J. M. Leinenkugel, Esq.*, for the respondent.

98

OPINION.

LANSDON: The facts material to the proceeding have been stipulated. The only question is whether petitioner realized a profit of $163,090.86 when it sold the bonds and stock of its subsidiary corporation, the Ohio Central Telephone Corporation, in the taxable year. Petitioner contends that the result of the transaction is nontaxable, since the property sold consisted entirely of the securities of an affiliated corporation and was in effect the sale of its own bonds and stock. In support of its position it relies on our decisions in *Simmons & Hammond Mfg. Co.*, 1 B.T.A. 803; *Farmers Deposit Nat. Bank*, 5 B.T.A. 520; *H. S. Crocker Co.*, 5 B.T.A. 537; *Interurban Construction Co.*, 5 B.T.A. 529; *John Scowcroft & Sons Co.*, 18 B.T.A. 532; and *Van Camp Packing Co.*, 26 B.T.A. 256; and that of the Circuit Court of Appeals in *Swift & Co. v. United States*, 38 Fed. (2d) 365. In each of the cases above cited the controversy arose over the sale of the stock of one affiliated corporation by another member of the same group. In our opinion all support the contention of the petitioner as to that part of the income in question which it realized from the sale of the stock of its affiliate. This rule is also applicable to transactions in preferred stock, as we decided in *Van Camp Packing Co.*, *supra*, where the income which respondent attempted to tax resulted from the sale of shares of preferred stock and it was not disclosed whether such stock had voting rights.

Notwithstanding our conclusion that the settled law sustains the claim of the petitioner as to sales of preferred stock, the stipulated facts provide no basis upon which we can compute and determine what proportion of the cost of the stocks and bonds should be regarded as the cost of the stock. It follows, therefore, that unless profit resulting from the sale of the bonds is nontaxable, the amount as a whole must be included in taxable income for the year in question.

While it is well established that a taxpayer realizes no taxable gain or deductible loss from the sales of its own stock or that of an affiliate, it does not necessarily follow that the same rule is applicable to gains resulting from the sale of bonds of an affiliate. There is, of course, a fundamental distinction between the two classes of securities. Stock evidences the amount of capital invested by shareholders in and at risk in the business. Bonds represent money borrowed. It is now well settled that a corporation may realize gain or sustain loss from transactions in its own bonds. This rule is

embodied in Regulations 69, article 545, and is conclusively sustained in *United States* v. *Kirby Lumber Co.*, 284 U.S. 1, and *Old Colony R.R. Co.* v. *Commissioner*, 284 U.S. 552. If a corporation can realize taxable income in the purchase of its own bonds at a discount it would seem to follow that the profits resulting from a sale are likewise taxable, and if this rule is sound in transactions in which a corporation buys and sells its own bonds, then for even stronger reasons it should apply to the sale of the bonds of an affiliate. On this question the determination of the respondent is affirmed.

*Decision will be entered for the respondent.*