E. M. FUNSTEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102068.   Promulgated August 5, 1941.

*Stanley S. Waite, Esq.,* for the petitioner.
*Carroll Walker, Esq.,* for the respondent.

OPINION.

LEECH: Respondent contends that these two sales of stock by petitioner were not sales on the installment plan. He argues that the obligation in each case made no definite provision for installment payments but merely bound the purchaser to pay the total amount on or before five years from the date of purchase, and that the provision for the application of dividends paid on the stock to the reduction of principal of the notes was a purely contingent obligation which would only arise in the event that a dividend was declared and paid. He takes the position that unless the transaction is an installment sale the gain thereon is taxable in full in the year of the transaction and does not fall within the provisions of section 44 (a) or (b) of the Revenue Act of 1936.[1]

---

[1] SEC. 44. INSTALLMENT BASIS.

(a) DEALERS IN PERSONAL PROPERTY.—Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit realized or to be realized when payment is completed, bears to the total contract price.

(b) SALES OF REALTY AND CASUAL SALES OF PERSONALTY.—In the case (1) of a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year), for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed 30 per centum of the selling price (or, in case the sale or other disposition was in a taxable year beginning prior to January 1, 1934, the percentage of the selling price prescribed in the law applicable to such year), the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this section. As used in this section the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

In this respondent overlooks the fact that the sales here are not by an individual who regularly sells personal property on the installment plan but are casual sales of personal property. The right to return the income therefrom on the installment basis is to be determined under section 44 (b), which does not require that the sale be one providing for the payment of the purchase price in fixed installments, but requires merely that it be a casual sale of personal property for a price exceeding $1,000, where the initial payments do not exceed 30 percent of the selling price. That section defines "initial payments" as the payments received in cash or property other than the evidences of indebtedness of the purchaser during the taxable period in which the sale is made.

It is quite evident that the transactions in question are squarely within the provisions of subsection (b) since we have decided that payments made within the taxable year of the sale, although not required in the contract, must be considered as includable in the initial payment. *Wagegro Corporation*, 38 B. T. A. 1225; *Mrs. W. M. Bludworth*, 7 B. T. A. 495. The fact that casual sales such as those present, though not sales upon the installment plan, come within the provisions of subsection (b) appears to have been recognized by respondent. Article 44–1 of Regulations 94 provides in part that:

The income from a casual sale or other casual disposition of personal property (other than property of a kind which should properly be included in inventory) may be reported on the installment basis only if (1) the sale price exceeds $1,000 and (2) the initial payments do not exceed 30 per cent of the selling price.

See also G. C. M. 1162, VI–1 C. B. 22.

Respondent argues that the decision of the present question is controlled by *James McCutcheon & Co.*, 30 B. T. A. 1177; *Thomas F. Prendergast, Executor*, 22 B. T. A. 1259; and *Walnut Realty Trust*, 23 B. T. A. 850. We think none of these three cases are in point. In the *McCutcheon* case the sale was by a security company and manifestly occurred in the regular course of business. It did not fall within subsection (b) because it was not a casual sale and our denial of the right to return the income upon the installment basis was premised upon our holding that the transaction was not an installment sale. *Walnut Realty Trust* involved facts wholly dissimilar to those here. There the total consideration was received in the taxable year and the mere fact that a portion of it consisted of notes of others than the purchaser did not eliminate these notes as a part of the initial payment and, upon that basis, such payment was far in excess of 30 percent of the purchase price. In *Thomas F. Prendergast, Executor*, the sale was of real estate to a corporation for a consideration consisting of two of its corporate $50,000 bonds payable ten years after date. In that case neither were installments or an initial payment within section 44 (b),

*supra*, contemplated and none was made. Here such payments were both contemplated and made.

We hold petitioner entitled to return upon the installment basis the capital gain realized upon these sales of stock.

*Decision will be entered under Rule 50.*