*Decision will be entered under Rule 50.*

EVERETT POZZI AND LUCY POZZI, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7074–65.    Filed November 28, 1967.

*A. D. McNeil*, for the petitioners.
*Roger A. Pott*, for the respondent.

126

OPINION

The petitioners take the position that the arrangement which finally evolved between them and Shamrock and Pozzi, Inc., under which they transferred their business and assets to the latter, qualified as an installment sale under section 453 of the Code of 1954, and that the respondent's determination with respect thereto was erroneous and should not be sustained. The petitioners recognize that the burden of sustaining their position was upon them and urge that they have fully sustained it. The respondent, however, contends otherwise.

The purpose of the installment method of reporting income is to permit the spreading of the tax over the period during which payments of the sales price are made and thereby to enable the seller to actually realize the profit arising out of each installment before the tax was paid so that the tax could be paid from the proceeds collected rather than be advanced by the taxpayer. *S. & L. Bldg. Corporation* v. *Commissioner*, 60 F. 2d 719 (C.A. 2, 1932); *Consolidated Dry Goods Company* v. *United States*, 180 F. Supp. 878 (D. Mass. 1960); *Thomas F. Prendergast, Executor*, 22 B.T.A. 1259, 1262 (1931).

Under section 453 (b) (2) (A) of the Code a seller of property is not entitled to report on the installment basis where the payments (exclusive of evidences of indebtedness of the purchaser) actually and/or constructively received during the year of the sale exceed 30 percent of the selling price of the property. *Williams* v. *United States,* 219 F. 2d 523 (C.A. 5, 1955) ; *Williams* v. *United States,* 185 F. Supp. 615 (D. Mont. 1960).

The statutory provisions authorizing the use of the installment method of reporting income are relief provisions and are exceptions to the general rule as to the year for reporting income. Being such they must be strictly construed. *Cappel House Furnishing Co.* v. *United States,* 244 F. 2d 525, 529 (C.A. 6, 1957) ; *Blum's, Incorporated,* 17 B.T.A. 386, 389 (1929). A transaction purporting to be a sale on the installment basis that lacks reality will be no more effective in avoiding taxes than any other type of sale. *Griffiths* v. *Commissioner,* 308 U.S. 355 (1939) ; *Williams* v. *United States,* 219 F. 2d 523 (C.A. 5, 1955).

The petitioners have requested that we make certain findings of fact, the implications of which would absolve petitioners from responsibility for the detailed and elaborate escrow arrangements under which the amount of the sales price, $200,000, was deposited in cash in escrow by the buyer of the properties in issue and the manner in which future installment payments of the sales price made by the buyer would be remitted to the petitioners and portions of the $200,000 deposited in escrow would be remitted to the buyer. From our consideration of the record we are satisfied that the escrow arrangements were attributable to the requests and demands made by petitioners and were not attributable to any demand made by the buyer.

The petitioners also have requested that we make certain findings of fact relative to their reason or motive in causing the sale in issue to take the form shown herein. In our view whatever may have been such reason or motive, the fact remains that receipt of the total sales price of the properties was available to petitioners at their command at the time of the transfer of the properties to the buyer. Effect must be given to the existence of such command.

*Griffiths* v. *Commissioner, supra,* involved the installment sales provisions of the Revenue Act of 1932. In holding adversely to the taxpayer, the Supreme Court there said:

The facts leave little scope for legal explication. Griffiths had a claim for fraud against Lay which, when satisfied, wiped out the loss for which he had received an earlier deduction. Had satisfaction of the claim come to him without any conduit, it would have indisputably been his income. The claim having been recognized by Lay and cast into a form realizable by Griffiths, a lawyer's ingenuity devised a technically elegant arrangement whereby an intricate outward appearance was given to the simple sale from Griffiths to Lay and the

passage of money from Lay to Griffiths. That was the crux of the business to Griffiths, and that is the crux of the business to us.

We cannot too often reiterate that "taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed—the actual benefit for which the tax is paid." *Corliss* v. *Bowers*, 281 U.S. 367, 378. And it makes no difference that such "command" may be exercised through specific retention of legal title or the creation of a new equitable but controlled interest, or the maintenance of effective benefit through the interposition of a subservient agency. Cf. *Gregory* v. *Helvering*, 293 U.S. 465. "A given result at the end of a straight path," this Court said in *Minnesota Tea Co.* v. *Helvering*, 302 U.S. 609, 613, "is not made a different result because reached by following a devious path." Legislative words are not inert, and derive vitality from the obvious purposes at which they are aimed, particularly in the provisions of a tax law like those governing installment sales in § 44 of the Revenue Act of 1932. Taxes cannot be escaped "by anticipatory arrangements and contracts however skillfully devised * * * by which the fruits are attributed to a different tree from that on which they grew." *Lucas* v. *Earl*, 281 U.S. 111, 115. * * *

This is not to say however that had petitioner herein actually carried through an installment sale transaction he would be prevented from so reporting it even though the payments were made in installments at his insistence alone and even though the buyer was willing and prepared to pay the entire purchase price at once.

In substance this transaction brings about the same result as though petitioners had collected the full sales price of the properties sold at once and invested the same in a promissory note bearing 6-percent interest. This we think is the "straight path" and petitioners' escrow arrangement the "devious path" referred to above.

In our view, the principles enunciated by the Supreme Court in the foregoing case and its holding therein are applicable and controlling here and accordingly we have found as a fact that the sale of the properties here involved was not a statutory installment sale.

The remaining issue has been disposed of by our finding that the deduction of a payment of $2,000 made to public accountants has not been shown to have been allowable either as an ordinary and necessary business expense or as a reduction of the proceeds received by petitioners from the sale of their business and assets.

Reviewed by the Court.

*Decision will be entered for the respondent.*